# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 04-1032

---

| | | |
|---|---|---|
| Karl Roberts, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Larry Norris, Director, Arkansas Department of Correction, | * | |
| | * | |
| | * | |
| Appellant. | * | |

---

Submitted: January 12, 2005
Filed: July 18, 2005

---

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

---

MELLOY, Circuit Judge.

Karl Roberts asks us to dismiss the pending appeal by the State of an order staying execution by the district court.[1] We dismiss the State's appeal as moot.

---

[1] The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

Appellate Case: 04-1032 Page: 1 Date Filed: 07/18/2005 Entry ID: 1928974

I.

Roberts was tried, convicted, and sentenced to death for the murder of Andria Brewer. On June 13, 2000, Roberts filed a written waiver of his appeals that stated that he did not want his attorneys to challenge his conviction or sentence. The trial court conducted a hearing to investigate the waiver. At the hearing, Roberts stated that his waiver was knowing and voluntary, and he reaffirmed his desire to waive any appeal. He said "I want to die" in response to questioning by the trial judge.

On February 2, 2002, the Supreme Court of Arkansas appointed an attorney to prepare an abstract of the waiver by Roberts. The Supreme Court of Arkansas upheld the waiver and affirmed the conviction and sentence. Subsequently, Roberts was brought before the trial court where he reaffirmed his desire not to pursue post-conviction relief. On October 9, 2003, the Supreme Court of Arkansas reviewed the matter and again affirmed the waiver by Roberts. The Governor of Arkansas set Roberts's execution date as January 6, 2004.

Hours before his scheduled execution, the district court granted a request for a stay of execution so that newly-appointed counsel from the Federal Public Defender Office could investigate and present federal habeas claims on behalf of Roberts. At the time that the stay was entered, Roberts had over seven months remaining to file his habeas claims to meet the deadlines of the Anti-Terrorism and Effective Death Penalty Act. However, the district court's stay order was for only ninety days.

The State appealed the stay order. The state also asked for expedited relief and that the stay vacated. But this Court and the United States Supreme Court declined to vacate the stay. The appeal of the original order granting the stay remains pending.



Appellate Case: 04-1032 Page: 2 Date Filed: 07/18/2005 Entry ID: 1928974

On March 29, 2004, Roberts filed a motion to extend the stay and the district court granted the motion over the State's opposition. The State did not appeal the district court's grant of the motion extending the stay.

On July 16, 2004, Roberts filed his federal petition for writ of habeas corpus. On July 22, 2004, Roberts filed a motion requesting an indefinite stay of execution so that the merits of his habeas petition could be considered by the district court. The State did not oppose the motion, and the district court granted the indefinite stay on July 26, 2004. The State did not appeal the indefinite stay.

On August 2, 2004, Roberts filed a motion to dismiss the State's pending appeal of the original ninety-day stay of execution. Finding the issues raised in that appeal to be moot, we grant Roberts's motion for dismissal.

II.

The State argues that the district court erred because it did not properly consider Roberts's desire to be executed in issuing the original stay. Specifically, the State argues that the district court exceeded the holding of the United States Supreme Court in McFarland v. Scott, 512 U.S. 849 (1994), by allowing a defendant who had not expressly declared his desire to "vacate or set aside [his] death sentence" to have his execution stayed. Id. at 853 (quoting 21 U.S.C. § 848(q)(4)(B)). We generally review a district court's decision to stay execution for abuse of discretion. See Bowersox v. Williams, 517 U.S. 345, 346 (1996).

However, in the present matter, we need not review the substance of the district court's holding because we believe the State's appeal is moot as a matter of law. The federal power of the judiciary only extends to "Cases" or "Controversies." U.S. Const. Art. III, § 2. The "case or controversy" requirement is not met if "the question sought to be adjudicated has been mooted by subsequent developments." Flast v.



Appellate Case: 04-1032 Page: 3 Date Filed: 07/18/2005 Entry ID: 1928974

Cohen, 392 U.S. 83, 95 (1968). If there is no remaining cause of action, we must dismiss the suit for lack of jurisdiction. See Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326, 335 (1980).

In this case, we believe the "subsequent development[]" of Roberts filing his habeas petition has rendered the original stay moot. There is no longer any issue raised by the original stay because the sole purpose of that stay was to allow the filing of Roberts's habeas petition. Since that petition has been filed with the district court, the original stay is no longer in effect.

Further, the subsequent orders of the district court extending the original stay and the granting the stay of indefinite duration were unopposed by the State. These stays effectively moot the State's appeal of the original order because the subsequent time frame included the duration of the original stay. The state did not appeal either order, so any questions about the original stay were subsumed by the issuance of subsequent stays.

The State asks us to apply the "capable of repetition, yet evading review" exception to the mootness doctrine. See Webster Groves Sch. Dist. v. Pulitzer Publ'g Co., 898 F.2d 1371, 1373 (8th Cir. 1990); Rice v. Kempker, 374 F.3d 675, 678 (8th Cir. 2004). However, we do not believe the exception applies in the present matter.

The State argues that the filing of a habeas petition by unauthorized counsel, as alleged in this case, is subject to repetition without review because the underlying question of whether the district court has jurisdiction to issue a stay to unauthorized counsel will remain unanswered. We do not agree.

While there is a theoretical possibility that the present case will repeat itself, the likelihood is not sufficient for us to invoke the narrow exception. The mootness exception applies if it is "reasonably foreseeable" that a particular issue will be likely

to repeat and evade review. Richmond Newspapers v. Virginia, 448 U.S. 555, 563 (1980). However, in the present matter, the likelihood of repetition is only speculative. The procedural history of this case is unique. We cannot reasonably foresee a defense attorney seeking last minute assignment to a death penalty appeal and then relying on an emergency stay to avert an execution of a "volunteer." Even if such a case repeats, there is not sufficient indication that it will continue to evade review as the issuance of stays is subject to timely appellate review.

Further, the State's position ignores the second reason we find the case to be moot. Because of the subsequent unappealed stay orders, there is no longer a "case or controversy" before us. The stay was extended well beyond the ninety-days regardless of whether the underlying reason for it (the preparation of a habeas appeal) was still in effect. When the subsequent stays were issued and not appealed, they effectively subsumed the duration of the original stay and have force whether or not the first stay was proper. This issue is not "capable of repetition, yet evading review" for the fact that the State could have appealed all of the subsequent stays, and could do so in a similar case in the future.

III.

For the reasons above, we dismiss as moot the State's appeal of the January 6, 2004 order staying Roberts's execution.



Appellate Case: 04-1032 Page: 5 Date Filed: 07/18/2005 Entry ID: 1928974

COLLOTON, Circuit Judge, concurring.

I agree with the court that this appeal should be dismissed as moot.[2] I write separately to state my reasons for concluding that the appeal does not fall within the exception to the mootness doctrine for controversies that are "capable of repetition yet evading review."

This case is moot because after the district court entered the disputed stay of execution on January 6, 2004, Roberts expressed a desire in March 2004 to file an application for writ of habeas corpus, and then did file an application through counsel in July 2004. At those points in time, the district court plainly was authorized to order a stay of execution pursuant to 28 U.S.C. § 2251, *see McFarland v. Scott*, 512 U.S. 849, 852, 858-59 (1994), and the court did twice extend the stay of January 6 on that basis. Whether or not the January stay was authorized, there is no question that the district court had jurisdiction to enter the subsequent stay orders, and those subsequent orders remain in effect as the basis for staying the execution. A ruling at

---

[2]I also believe that we should vacate the district court's order of January 6, 2004, staying the execution of Karl Roberts, and remand the case to the district court with directions to dismiss the January 6 application for stay of execution as moot. "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994). "The same is true when," as here, "mootness results from unilateral action of the party who prevailed below." *Id.*; *see also United States v. Munsingwear*, 340 U.S. 36, 39 & n.2 (1950) ("The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss"); *United States v. Stute Co.*, 402 F.3d 820, 826 (8th Cir. 2005). We have reached no decision on whether the district court had jurisdiction to enter the disputed stay of execution on January 6, and the State has been unable to gain appellate review of the stay order due to unilateral action by Roberts. To the extent the court's judgment leaves in place the district court's order of January 6, I respectfully dissent.



Appellate Case: 04-1032 Page: 6 Date Filed: 07/18/2005 Entry ID: 1928974

this time that the January order exceeded the district court's jurisdiction would have no effect. There is no live controversy over the validity of that order.

The State argues vigorously, however, that the question whether the district court has jurisdiction to stay an execution even when the inmate has not authorized the filing of an application for writ of habeas corpus is capable of repetition yet evading review. The State contends that the Federal Public Defender "continues to employ this tactic of making unauthorized stay requests." (Reply Brief of Appellant at 2). It is urged that application of the mootness doctrine will prevent the State from gaining appellate review of whether the district court has jurisdiction to grant such a stay, because it is likely that by the time an appeal is briefed, argued, and decided, changed circumstances will lead to a stay that all agree would be authorized under § 2251.

I respectfully disagree with some of the court's reasons for concluding that the dispute is not capable of repetition yet evading review. If there were a demonstrated probability that the State would be confronted again with an application for stay of execution from counsel acting on behalf of a prisoner who had authorized a request for a stay, but who had not authorized the filing of an application for writ of habeas corpus, then I believe this case would fall within the exception to the mootness doctrine for disputes that are capable of repetition yet evading review.

Although the court suggests that "the issuance of stays is subject to timely appellate review," *ante*, at 5, this case demonstrates that our process for appellate review is not sufficiently timely to avoid mootness. The State filed its notice of appeal on the same day that the district court entered its order granting a stay of execution, but the appeal was not resolved before the district court extended the stay based on subsequent actions by Roberts and an indisputable application of *McFarland*. In previous cases, we have held that the "capable of repetition, yet evading review" exception applies where changed circumstances are likely to moot a controversy in a short time. *See Rice v. Kempker*, 374 F.3d 675, 678 (8th Cir. 2004); *Webster Groves Sch. Dist. v. Pulitzer Publ'g. Co.*, 898 F.2d 1371, 1373-74 (8th Cir. 1990).



Appellate Case: 04-1032 Page: 7 Date Filed: 07/18/2005 Entry ID: 1928974

Nor do I agree that the State's failure to appeal the district court's subsequent stay orders in this case demonstrates that the controversy is not capable of repetition yet evading review. Once Roberts expressed a desire to pursue a habeas action, any appeal of the district court's order granting a stay to allow Roberts an opportunity to prepare a habeas petition would have been frivolous in light of *McFarland*. And if the district court had sufficient grounds in the exercise of its discretion under § 2251 to grant a further stay once the habeas application was filed, then again the State would have no basis to appeal the subsequent stay orders. But that the State has no grounds to appeal those later orders says nothing about whether the district court had jurisdiction to order a stay of execution on January 6. That issue may evade review where the State has no basis to challenge the subsequent orders.

Nonetheless, I concur that this case should be dismissed as moot because the record does not demonstrate a "reasonable expectation" or "demonstrated probability" that the same controversy will recur involving the same complaining party. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Certainty is not required to meet this exception to the mootness doctrine, but a "mere physical or theoretical possibility" is insufficient to satisfy the test. *Id.*

Measuring whether there is a "demonstrated probability" or "reasonable expectation" is a difficult and imprecise task. It seems to me, however, that the State must present some concrete reasons for us to expect that this situation will recur. So far as I can tell, the record shows no prior occasion on which a stay of execution was sought or granted under these circumstances. The State cites *State v. Newman*, No. 03-1257, 2004 WL 2188967 (Ark. Sep. 28, 2004) (per curiam), as a recent example of what it characterizes as similar litigation tactics by the public defender, but that case was different. Newman's case involved an action filed by a person asserting "next friend" status, and there were issues concerning Newman's mental competence. Unlike Roberts, Newman had not consented to the filing of an application for stay. Roberts's case presents an unusual factual scenario, and the record does not in my judgment suggest a sufficient probability or expectation that it will recur. This is a predictive judgment, of course, and if it turns out to be wrong, then the State will be



Appellate Case: 04-1032 Page: 8 Date Filed: 07/18/2005 Entry ID: 1928974

in a strong position to invoke the “capable of repetition yet evading review” exception to the mootness doctrine in a future case. On this record, I concur in the decision to dismiss the appeal as moot.

______________________________



Appellate Case: 04-1032 Page: 9 Date Filed: 07/18/2005 Entry ID: 1928974